IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAMIRO FELIX GONZALES, §<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>BRYAN COLLIER, §<br>Executive Director, §<br>Texas Department of Criminal §<br>Justice, Huntsville, Texas; §<br>§<br>BOBBY LUMPKIN, Director, §<br>Texas Department of Criminal §<br>Justice, Correctional Institutions §<br>Division, Huntsville, Texas; §<br>§<br>and §<br>§<br>DENNIS CROWLEY, Warden, §<br>Texas Department of Criminal §<br>Justice, Huntsville Unit, §<br>Huntsville, Texas, §<br>    *Defendants*. § | Civil Case No. 4:21-cv-00828<br><br><br>***EXECUTION SCHEDULED<br>FOR NOVEMBER 17, 2021*** |

**SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO MOTION TO DISMISS**

Plaintiff Ramiro Gonzales files this Sur-Reply to Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss. The Defendants raise new factual and legal arguments in their reply briefing, and some of the newly asserted factual allegations by the Defendants are incorrect.

1

The Defendants also concede that Mr. Gonzales's suit is not moot. Doc. 15 at 6. Therefore, the motion to dismiss should be denied.

## I. Nature and stage of the proceeding.

On March 12, 2021, Mr. Gonzales filed a complaint pursuant to 42 U.S.C. § 1983 in this Court. Doc. 1. That complaint alleged that the Defendants intend to execute Mr. Gonzales under conditions that violate the First Amendment's Free Exercise Clause and will substantially burden the exercise of his religion in violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq. Id.* at ¶2. Specifically, the complaint alleged that the Defendants refused his request to have his spiritual advisor, Bri-anne Swan, present in the execution chamber at the time of his execution. *Id.* at ¶3. He requested that Ms. Swan be able to "hold his hand, place her other (free) hand over his heart, and recite prayers over him through the [execution] process" and that such actions are "vitally important . . . as [he] is making his transition to the Paradise of God." *Id.* at ¶20.

On May 11, 2021, the Defendants filed a Motion to Dismiss Plaintiff's Claims as Moot pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Doc. 10. On June 1, 2021, Mr. Gonzales timely filed a

response to that motion. Doc. 13. Pursuant to this Court's order, the Defendants filed a reply on July 16, 2021. Doc. 15.

## II. Ms. Swan is willing and able to attend Mr. Gonzales's execution as his spiritual advisor.

Ms. Swan is willing and able to serve as Mr. Gonzales's spiritual advisor during his execution. Ex. 1 at ¶2. Despite the Defendants' change in policy, they have not yet indicated whether Ms. Swan will be permitted to do so. *Id.* at ¶10. In their reply, the Defendants claim Ms. Swan told an unspecified TDCJ staff member that "she would be unable to attend Mr. Gonzales's execution due to Covid-19 travel restrictions as a Canadian citizen living in Ontario." Doc. 15 at 2. The Defendants' unsupported assertion is not true. Mr. Gonzales has obtained a declaration from Ms. Swan, in which she avers that "at no time" has she advised any TDCJ representative that she cannot attend Mr. Gonzales's execution. Ex. 1 at ¶7.[1] The travel restrictions in place for Canadian citizens do not prevent Ms. Swan from traveling to Texas to attend Mr. Gonzales's execution. *Id.* at ¶8.

---

[1] One of Ms. Swan's faxes to TDCJ providing requested documentation noted that Toronto, where Ms. Swan lives, was under a stay-at-home order at the time. Ex. 1-A. However, this does not prohibit her from attending Mr. Gonzales's execution.

3

The Defendants wrongly assert—again, without offering any support—that Ms. Swan has not provided the documentation required under their new policy. Doc. 15 at 3. In fact, Ms. Swan promptly provided all the documentation requested by TDCJ over the phone and in a series of fax transmissions. Ex. 1 at ¶¶4–6. Despite having done so over two months ago, she is still waiting for TDCJ to decide whether she is approved to attend the execution as Mr. Gonzales's spiritual advisor. *Id.* at ¶10.

The Defendants repeatedly assert that they have created a "simple process" for approving spiritual advisors, and that Mr. Gonzales's arguments against mootness are "merely" that Ms. Swan has not yet satisfied her obligations under the new procedure. Doc. 15 at 3. This assertion rings hollow in light of the Defendants' inability to implement their new policy in an efficient manner. Instead, the Defendants rely on incorrect factual narratives and attempt to pin the blame on Ms. Swan or Mr. Gonzales for the Defendants' own failures in administering the new policy.

### III. This Court should deny the Defendants' request for "partial dismissal."

Mr. Gonzales's suit raises two claims: (1) that the Defendants intend to execute him under conditions that violate the First Amendment's Free Exercise Clause (2) and that they will substantially burden the exercise of his religion in violation of RLUIPA. Doc. 1 at ¶¶28–40. Initially, the Defendants requested dismissal on the theory that this Court lacks subject-matter jurisdiction because Mr. Gonzales's claims were allegedly moot. Doc. 10 at 7. Now, the Defendants assert that "partial dismissal" is appropriate and that this Court should retain jurisdiction over Mr. Gonzales's "ancillary claims." Doc. 15 at 6.

The Defendants are attempting to split Mr. Gonzales's claims into two categories—those relating to Ms. Swan's presence in the execution chamber, and those relating to what she will be permitted to do once inside. Doc. 15 at 5–6. However, Mr. Gonzales has in fact raised two claims for relief, a Free Exercise claim and a RLUIPA claim. Doc. 1 at ¶¶28–40. What Ms. Swan is permitted to do inside the execution chamber is a central component to both claims actually pled in the complaint, *id.* at ¶¶19–20, not an "ancillary claim" as labeled by the Defendants. Doc.

15 at 6. As the Defendants now concede that the claims are not moot, *id.*, the motion to dismiss should be denied.

## IV. Conclusion.

For these reasons, and the reasons Mr. Gonzales stated in his response, Doc. 13, the Defendants' Motion to Dismiss should be denied.

Respectfully submitted,

JASON D. HAWKINS
Federal Public Defender

/s/ Jeremy Schepers
Jeremy Schepers (TX 24084578)
Supervisor, Capital Habeas Unit
Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
(214) 767-2746
jeremy_schepers@fd.org

/s/ Steven T. Collis
Steven T. Collis (TX 24122632)
Director, Law & Religion Clinic
University of Texas School of Law
727 E. Dean Keaton St.
Austin, TX 78705
(512) 475-9090
steven.collis@law.utexas.edu

## CERTIFICATE OF WORD COUNT

I hereby certify, pursuant to this Court's Procedure 18(c), that this document contains 918 words, with the exception of exempt portions.

/s/ Jeremy Schepers
Jeremy Schepers

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Southern District of Texas using the electronic case-filing (ECF) system of the Court, which will serve all registered users in this case.

/s/ Jeremy Schepers
Jeremy Schepers