United States District Court
Southern District of Texas
**ENTERED**
September 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMIRO FELIX GONZALES, | § § § § § § § § § § | CIVIL ACTION NO. 4:21-cv-00828 |
| Plaintiff, | | |
| vs. | | JUDGE CHARLES ESKRIDGE |
| BRYAN COLLIER, *et al*, Defendants. | | |

### ORDER OF PARTIAL DISMISSAL

Texas death row inmate Ramiro Felix Gonzales faces an execution date of November 17, 2021. He brings suit because he wants his spiritual advisor, Bri-anne Swan, present at the time of his execution. He requests that Ms. Swan be there "to pray with him, provide spiritual comfort, and aid in his transition to the afterlife." Dkt 1 at 5. As pleaded in the complaint, this request consists specifically of "Ms. Swan . . . hold[ing] his hand, plac[ing] her other (free) hand over his heart, and recit[ing] prayers over him through the process." Ibid. Gonzales states that he is a devout Christian and that these actions are "vitally important" as he is "making his transition to the Paradise of God." Ibid.

Gonzales filed his lawsuit on March 12, 2021. Policy at that time of the Texas Department of Criminal Justice Execution Procedure barred all spiritual advisors from the execution chamber. Gonzales claims that the Execution Procedure violates (1) his First Amendment right to Free Exercise of religion by interfering with his ability to practice his religion; and (2) the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq. He seeks relief in the form of a declaratory judgment and "[a] preliminary and permanent injunction prohibiting Defendants from executing Mr. Gonzales until they

allow his spiritual advisor to be present with him in the chamber." Dkt 1 at 12.

TDCJ adopted a new execution protocol on April 21, 2021, which (with certain preliminary requirements) will allow an inmate's chosen spiritual advisor to accompany him during an execution. Defendants have accordingly moved to dismiss the case as moot. Dkt 10. But as further briefing progressed in this case, Defendants conceded that Gonzales raises "ancillary claims related to what his spiritual advisor will be permitted to do inside the execution chamber during his execution." Dkt 15 at 5. And so Defendants now clarify that they don't ask for dismissal of any "ancillary claim" regarding whether Gonzales' spiritual advisor may touch him and pray with him in the execution chamber. Dkt 15 at 5-6.

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already LLC v Nike Inc*, 568 US 85, 91 (2013); *Spencer v Kemna*, 523 US 1, 7 (1998). TDCJ policy now permits an inmate's chosen spiritual advisor to be present during an execution. Claims by Gonzales in that regard will be dismissed as moot. The further claims as to whether his spiritual advisor may touch him and pray with him at that time will proceed.

The motion by Defendants to dismiss this action as moot is GRANTED IN PART and DENIED IN PART. Dkt 10

Any claim challenging the prior TDCJ Execution Procedure is DISMISSED AS MOOT.

The remaining claims related to what Gonzales' spiritual advisor may do in the execution chamber will proceed.

SO ORDERED.

Signed on September 22, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge