# FEDERAL PUBLIC DEFENDER
# NORTHERN DISTRICT OF TEXAS

**FEDERAL PUBLIC DEFENDER**
JASON D. HAWKINS

**FIRST ASSISTANT**
JOHN NICHOLSON

**ADMINISTRATIVE OFFICER**
JACQUELINE BUNKLEY

525 S. GRIFFIN STREET
SUITE 629
DALLAS, TX 75202

Voice: (214) 767-2746
Fax: (214) 767-2886
http://txn.fd.org

**FORT WORTH BRANCH SUPERVISOR**
MICHAEL LEHMANN

**APPELLATE SUPERVISOR**
K. JOEL PAGE

**CAPITAL HABEAS UNIT SUPERVISOR**
JEREMY SCHEPERS

June 16, 2022

Hon. Charles Eskridge
United States District Judge

*Gonzales v. Collier*, et al., 4:21-cv-00828

    Pursuant to Rule 15(c) of this Court's procedures, Plaintiff Ramiro Gonzales submits this initiating letter regarding a discovery dispute. Discovery in this case closed on May 27, 2022. However, good cause exists for permitting Mr. Gonzales to depose Warden Dennis Crowley, a named Defendant in this case. Alternatively, this Court should enter an order prohibiting Warden Crowley from testifying at trial.

    Defendants previously moved to quash all of Mr. Gonzales's noticed depositions. Dkt 28. Among other assertions, Defendants argued that Warden Crowley and Director Lumpkin are high-ranking officials that should not be forced to sit for a deposition. *Id.* at 4–5. This Court quashed Mr. Gonzales's deposition notices because he did not show "that 'exceptional circumstances' justify their deposition." Dkt 33 at 4. This Court permitted a Rule 30(b)(6) deposition to proceed, *id.* at 6, and entered a protective order regarding any remaining discovery. Dkt 34. Defendants designated Director Lumpkin as their Rule 30(b)(6) witness and he was deposed on May 27, 2022.

    When Defendants previously moved to quash Warden Crowley's deposition, they did not indicate their intent to call him as a witness at trial. But just two days ago, on June 14, Defendants' counsel informed Mr. Gonzales that Director Lumpkin is not available for trial and that they will instead call Warden Crowley as a witness. Although Warden Crowley was listed on Defendants' initial disclosures, this is the first time Defendants have stated that Warden Crowley would be called as a trial witness. In light of their intention to present Warden Crowley as a witness, Mr. Gonzales again requested to depose Warden Crowley. Defendants opposed this request.

Defendants should not be allowed to shield Warden Crowley from being deposed and then present him as a witness at trial. "[T]rial by ambush is not contemplated by the Federal Rules of Civil Procedure." *Woods v. Int'l Harvester Co.*, 697 F.2d 635, 639 (5th Cir. 1983). Mr. Gonzales has not been able to identify any instance in which a witness refused to sit for a deposition on the basis of being a high-ranking official but then was permitted to testify at trial over the other party's objection. There are numerous cases indicating that a witness who refuses to be deposed should not be allowed to testify. *See, e.g.*, *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 576 (1st Cir. 1989) ("The district court's decision to bar Soto from testifying at trial due to his previous refusal to testify during discovery is supported by ample precedent."), *id.* at 576–77 (citing cases barring a witness from testifying who had claimed a privilege to not testify during their deposition); *Campos v. Webb Cnty. Tex.*, 288 F.R.D. 134, 137 n.2 (S.D. Tex. 2012) (collecting cases where a witness's trial testimony was precluded because they refused or were not able to be deposed); *Northbrook Excess & Surplus Ins. Co. v. Pine Top Ins. Co.*, 1988 WL 142218, at *1 (N.D. Ill. Dec. 28, 1988) (explaining that "[a] court surely can bar the testimony of a witness who refuses to submit to a deposition.").

Permitting Defendants to present Warden Crowley's testimony under these circumstances will be highly prejudicial to Mr. Gonzales. Although Director Lumpkin's 30(b)(6) deposition has provided the agency's position, Defendants will not call him as a witness. Mr. Gonzales cannot adequately prepare for Warden Crowley's trial testimony without deposing him. Simply put, he has no way of knowing what Warden Crowley will testify to. That testimony may materially contradict Director Lumpkin's deposition, or it may provide new, relevant information not previously disclosed. Mr. Gonzales should not be forced to wait until trial to find out what Warden Crowley's testimony will be.

Defendants should not be allowed to shield Warden Crowley from being deposed and still present his testimony at trial. Mr. Gonzales requests that this Court order Warden Crowley to sit for a deposition. To ensure time to prepare for trial, Mr. Gonzales requests to depose Warden Crowley no later than June 27, 2022. Mr. Gonzales will conduct this deposition in accordance with the restrictions in this Court's protective order if the deposition is permitted. Dkt 34. Alternatively, Mr. Gonzales requests that this Court prohibit Warden Crowley from testifying at trial.

Dated this 16th day of June, 2022.

Respectfully submitted,

JASON D. HAWKINS
Federal Public Defender

*/s/ Jeremy Schepers*
Jeremy Schepers (TX 24084578)
Supervisor, Capital Habeas Unit

Michael Kawi
Assistant Federal Public Defender

Victoria Inojosa
Research and Writing Attorney

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
(214) 767-2746
jeremy_schepers@fd.org

*/s/ Steven T. Collis*
Steven T. Collis (TX 24122632)
Director, Law & Religion Clinic
University of Texas School of Law
727 E. Dean Keeton St.
Austin, TX 78705
(512) 475-9090
steven.collis@law.utexas.edu

COUNSEL FOR PLAINTIFF GONZALES

## CERTIFICATE OF CONFERENCE

Counsel certifies that he conferred with opposing counsel, Leah O'Leary, and Defendants are opposed to the relief requested in this filing.

*/s/ Jeremy Schepers*
Jeremy Schepers

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2022, a copy of the foregoing was delivered via ECF to the Texas Attorney General's Office, Leah O'Leary, counsel for the Defendants, at leah.oleary@oag.texas.gov.

*/s/ Jeremy Schepers*
Jeremy Schepers