IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAMIRO FELIX GONZALES,<br>*Plaintiff,*<br><br>v.<br><br>BRYAN COLLIER, Executive Director of the Texas Department of Criminal Justice, BOBBY LUMPKIN, Director of the Texas Department of Criminal Justice–Correctional Institutions Division, and DENNIS CROWLEY, Warden of the Huntsville Unit,<br>*Defendants.* | §<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 4:21-CV-00828<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### DEFENDANTS' RESPONSE IN OPPOSITION TO
### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Gonzales seeks summary judgment as to one element of his sole cause of action. ECF No. 40. Specifically, he seeks summary judgment as to the substantial burden prong of his RLUIPA claim. Defendants oppose summary judgment in Plaintiff's favor because Gonzales has not demonstrated a substantial burden as a matter of law. When assessed in the context of the religious accommodations sought and approved, the spiritual significance Gonzales pleads will be fulfilled with insubstantial or no burden.

**I.  Gonzales has not Demonstrated Substantial Burden as a Matter of Law.**

The Supreme Court interprets "substantial burden" as one that forces the person to choose between following the precepts of his religion or receiving some otherwise available benefit, and truly pressures the adherent to substantially modify his religious behavior. *Brown v. Collier*, 929 F.3d 218, 228–29 (5th Cir. 2019); *Adkins v. Kaspar*, 393 F.3d 559, 569–70 (5th

Cir. 2004) (citing *Sherbert v. Verner*, 374 U.S. 398 (1963)). It is not enough for Gonzales to claim that his religious exercise is burdened. The burden must be *substantial*. The Supreme Court and Fifth Circuit have repeatedly directed that context matters when analyzing a RLUIPA claim. *See, e.g.*, *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005); *Grutter v. Bollinger*, 539 U.S. 306, 327 (2003); *Baranowski v. Hart*, 486 F.3d 112, 125 (5th Cir. 2007). The context of Gonzales's approved religious accommodations considered in conjunction with his asserted religiously significant practice negates a substantial burden finding.

Defendants have presented material facts that preclude summary judgment in Gonzales's favor on the substantial burden element. Namely, that the religious accommodations surrounding Gonzales's execution comport with the religious significance he claims to observe. The approved religious accommodations are not presented as alternative means of practicing his religion. Rather, the accommodations are material facts that demonstrate Gonzales is able to practice his religion in a manner that satisfies the spiritual significance he attaches to his religious exercise with little or no burden.

**A.     Gonzales's Two Grievances are the Only Competent Summary Judgment Evidence Presented in Plaintiff's Motion for Partial Summary Judgment.**

Gonzales's substantial burden assertion regarding hand-holding must be considered in the context of the religious accommodations requested and approved and the context of his asserted spiritual significance. In his first prison grievance related to this claim, Gonzales asserts that the requested physical contact is important to him. But Gonzales goes on to say that having Bri-Anne Swan "physically present in the chamber will serve as a sense of tranquility, and representation of the presence of Christ, only in physical form." ECF No. 1-1 at 15. This spiritual significance, exactly as described by Gonzales, will be fulfilled. Not only

will his spiritual advisor be physically present in the chamber thereby fulfilling Gonzales's assertion of spiritual significance, she will also be intimately close in proximity to Gonzales and maintain physical contact on his chest over his heart.

In his second prison grievance related to this claim, Gonzales repeats the importance of having Bri-Anne Swan present, praying, and making contact with him. ECF No. 1-1 at 28. It is not sufficient for Gonzales to say his requests for accommodation in the execution chamber are "important" to him. He must explain how or why they are important to him religiously. And Gonzales does explain why the physical presence of his spiritual advisor is important and significant to him religiously. ECF No. 1-1 at 15. But he offers no statement or testimony explaining that hand-holding, among his other requests, has spiritual significance to *him* at all. The totality of evidence in the record of Gonzales's sincerity or asserted burden includes only his Step One and Step Two grievances. In these grievances, Gonzales asserts that his requests are important, and explains the spiritual significance of the *physical presence* of his chosen spiritual advisor. He makes no statement and gives no explanation in either of these grievances about the spiritual significance or importance of hand-holding to *him* or *his* religious exercise. Both physical presence and physical contact are being accommodated, thus satisfying Gonzales's asserted spiritual significance.

**B.     Plaintiff's Other Proffered Evidence is not Competent Summary Judgment Evidence.**

As his summary judgment evidence, Gonzales attaches an amicus brief filed in the Supreme Court proceedings in *Ramirez v. Collier*. 142 S. Ct. 1264 (2022). ECF No. 40-1. Neither Gonzales nor his attorneys submitted the amicus brief in *Ramirez*, and the brief does not mention Gonzales. The amicus brief has no relevance to Gonzales's assertion that TDCJ's

restriction on hand-holding is a substantial burden. Instead, Gonzales points to citations within the amicus brief. The amicus brief references several news articles discussing actions prison chaplains have taken in non-Texas executions and historically. ECF No. 40 at 9. These articles are not competent summary judgment evidence. First, they are not relevant to whether the restriction on hand-holding substantially burdens Gonzales's own religious exercise. Substantial burden is an inherently personal aspect of the RLUIPA analysis because it rests on what the complainant believes and practices; not what other members of that faith or the general public believe. Four of the articles, additionally, are not properly before the Court because they are neither attached as exhibits nor do they include a webpage address or citation that could be used to find the article. ECF 40 at 9–10.

Nor is Gonzales's quotation of scripture probative of his assertion that the restriction substantially burdens *his* religious exercise. *See* ECF No. 40 at 7–8 (quoting scripture). There is no evidence in the record connecting the quoted scripture to Gonzales's own practice of Christianity or the asserted religious significance he cites in his grievances. Citing to instances of hand-holding in scripture does not make Gonzales's assertion of substantial burden more likely to be true. *See* Fed. R. Evid. 401. The courts have occasionally attached significance to historical religious practices and scripture in assessing sincerity; but not substantial burden. *See, e.g.*, *Ramirez*, 142 S. Ct. at 1277 (discussing "traditional" forms of religious exercise in assessing the sincerity of Ramirez's claim). That a policy may burden one person's religious exercise does not mean it will burden another person's religious exercise, even if they belong to the same faith group. That case-by-case dictate and individualized assessment are fundamental principles of a RLUIPA analysis. *See Adkins*, 393 F.3d at 571 (recognizing the

RLUIPA "test requires a case-by-case, fact-specific inquiry to determine whether the government action or regulation in question imposes a substantial burden on an adherent's religious exercise"). The Court, accordingly, must rely on what Gonzales actually says about *his* religious exercise; not what others say about Christianity.

There is no competent summary judgment evidence before the Court demonstrating a substantial burden on Gonzales's religious exercise. His grievances express Gonzales's asserted religious significance only as to his request for the physical presence of his chosen spiritual advisor. Gonzales's is not being forced to significantly alter his conduct in the execution chamber. He will be secured the gurney with this spiritual advisor in close, intimate proximity to his face and heart. He will hear her audible prayers spoken near to his ears. He will feel her immediate presence with her hand resting constantly on his chest over his heart.

There are two pieces of information relevant to the substantial burden analysis here: (1) Gonzales's explanation of the religious significance of his request; ("physical presence in the chamber will serve as a sense of tranquility, and representation of the presence of Christ, only in physical form." ECF No. 1-1 at 15, 28); and (2) the approved religious accommodations. Practicality and reasonable judgment yield only one conclusion when comparing Gonzales's asserted religious significance with the approved accommodations: any asserted burden is insubstantial.

## Conclusion

Defendants have presented material facts that preclude summary judgment in Gonzales's favor on the substantial burden element. Namely, that the religious accommodations surrounding Gonzales's execution comport with the religious significance

he claims to observe. The Court should deny Plaintiff's motion for partial summary judgment.

        Respectfully submitted,

        **KEN PAXTON**
        Attorney General of Texas

        **BRENT WEBSTER**
        First Assistant Attorney General

        **GRANT DORFMAN**
        Deputy First Assistant Attorney General

        **SHAWN E. COWLES**
        Deputy Attorney General for Civil Litigation

        **SHANNA E. MOLINARE**
        Division Chief
        Law Enforcement Defense Division

        */s/ Leah O'Leary*
        **LEAH O'LEARY**
        Assistant Attorney General
        Attorney-in-Charge
        State Bar No. 24079074
        Southern District No. 1563191
        Leah.Oleary@oag.texas.gov

        Law Enforcement Defense Division
        OFFICE OF THE ATTORNEY GENERAL
        P.O. Box 12548
        Austin, Texas 78711-2548
        (512) 463-2080 / Fax (512) 370-9918

        **ATTORNEYS FOR DEFENDANTS**
        **COLLIER, LUMPKIN, AND CROWLEY**

**CERTIFICATE OF WORD COUNT**

I, **LEAH O'LEARY**, certify that based upon the Miscrosoft Word Processor word count, the applicable portions of this motion amount to 1,318 words, excluding case caption, signature block, and certificates.

/s/ Leah O'Leary
**LEAH O'LEARY**
Assistant Attorney General

**CERTIFICATE OF SERVICE AND ELECTRONIC FILING**

I, **LEAH O'LEARY**, hereby certify that on June 20, 2022, I electronically filed the foregoing document with the Clerk of the Court for the United States Court for the Southern District of Texas using the electronic case-filing (ECF) system of the Court, which electronically serves all counsel of record and registered users in this case.

/s/ Leah O'Leary
**LEAH O'LEARY**
Assistant Attorney General