UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMIRO FELIX GONZALES, | § § § | CIVIL ACTION NO. 4:21-cv-00828 |
| Plaintiff, | § § § | |
| vs. | § § § § | JUDGE CHARLES ESKRIDGE |
| BRYAN COLLIER, *et al*, Defendants. | § § § | |

**ORDER ON DISCOVERY**

Plaintiff Ramiro Felix Gonzales previously sought the depositions of four witnesses, including Warden Dennis Crowley of the Huntsville Unit and Director Bobby Lumpkin of the Texas Department of Criminal Justice—Correctional Institutions Division. They are both high-ranking officials. As such, their depositions were quashed upon motion by Defendants. *See* Dkt 33 (order); *see also* Dkt 28 (motion). A deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure was instead ordered to proceed. Dkt 33 at 6. Defendants designated Director Lumpkin as their Rule 30(b)(6) witness. He was deposed on May 27th. But Defendants subsequently informed Gonzales on June 14th that Director Lumpkin isn't available to testify at trial, and that they instead intend to call Warden Crowley. Dkt 46.

Gonzales now again requests to depose Warden Crowley, or in the alternative to bar him from testifying at trial. *Ibid.* Defendants oppose that request and cite the prior quashing of his deposition. Dkt 47.

Warden Crowley was listed on Defendants' initial disclosures. Defendants hadn't at that time disclosed their intention to call him as a trial witness. And absent here is any explanation why this high-ranking official has time to

attend trial as a witness in opposition to Gonzales' case, yet lacks sufficient time to attend a deposition so that trial can proceed fairly under the Federal Rules of Civil Procedure. See FRCP 26(b)(1); cf *Salter v Upjohn Co*, 593 F2d 649, 651 (5th Cir 1979) (noting that order completely prohibiting deposition of testifying witness would likely constitute error). Indeed, the fact that Warden Crowley voluntarily plans to testify at trial constitutes an exceptional circumstance justifying his deposition. See *In re Office of Inspector General*, 933 F2d 276, 278 (5th Cir 1991); see also *Harding v County of Dallas*, 2016 WL 7426127, *7 (ND Tex) (collecting cases).

The motion by Plaintiff Ramiro Felix Gonzales to compel is GRANTED. Dkt 46. Warden Dennis Crowley needn't submit to deposition if he won't be a witness at trial. But if Defendants intend to call him, then he must be made available for deposition. He will otherwise not be permitted to take the stand and be heard.

SO ORDERED.

Signed on June 21, 2022, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge