United States District Court
Southern District of Texas
**ENTERED**
July 04, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMIRO FELIX GONZALES, | § § | CIVIL ACTION NO. 4:21-cv-0828 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| BRYAN COLLIER, *et al*, | § § § | |
| Defendants. | § | |

**OPINION AND ORDER ON TRIAL CONTINUANCE**

Texas inmate Ramiro Felix Gonzales faces an execution date of July 13, 2022. A two-day bench trial is set to commence tomorrow, July 5th. Dkt 36. Pending is Gonzales' motion for preliminary injunction. Dkt 59. That motion presents the implicit question of whether a trial continuance is also necessary. For the reasons discussed below, it is. Trial is continued until a later date to be set in consultation with the parties.

1. Background

Plaintiff Ramiro Felix Gonzales seeks certain religious accommodations that he believes important. Dkt 1. To that end, he applied to the Texas Department of Criminal Justice for a religious accommodation in January 2021. See Dkts 72-1 & 72-2. That request was denied. See Dkt 1-1 at 28–29.

Gonzales then brought this action on March 12, 2021. He asserts religious-liberty claims under both the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 USC § 2000cc, *et seq*, referred to hereafter as *RLUIPA*. Named as defendants are

Bryan Collier as Executive Director of the Texas Department of Criminal Justice, Bobby Lumpkin as Director of the Texas Department of Criminal Justice—Correctional Institutions Division, and Dennis Crowley as Warden of the Huntsville Unit. Dkt 1. Warden Crowley has recently stepped down from that post, but he's still expected to be present and overseeing the execution of Gonzales if it proceeds as scheduled on July 13th. These men are all named in their official capacities within divisions of the Texas Department of Criminal Justice. As such, they and their agency will be referred to together simply as *the TDCJ*.

The TDCJ adopted a new execution protocol on April 21, 2021. Dkt 72-3. Those changes precipitated a TDCJ motion for partial dismissal of many issues in this case. Dkt 10. Gonzales filed a timely opposition. Dkt 13. The TDCJ delayed reply until ordered to do so. Dkts 14 & 15. The motion was granted on September 22, 2021. Dkt 20.

The TDCJ filed its answer to the remaining claims nearly two months later on November 19, 2021. Dkt 22. The parties then waited an additional three months before filing a joint motion to set a schedule on February 18, 2022. Dkt 23. They agreed on an accelerated timetable, with discovery to conclude on May 13, 2022. Dispositive motions would be ripe a month before execution. And trial would be held on June 27th and 28th—concluding fifteen days before the scheduled execution. Dkt 26.

That compressed schedule placed heavy burdens on the parties and the Court. The parties' subsequent changes to the schedule have only amplified those burdens.

The close of discovery was eventually extended from May 13th to May 27th. Dkt 29 at 2. Gonzales on May 4th noticed the depositions of Director Lumpkin and Warden Crowley—the two officials exclusively responsible for deciding whether to approve a condemned's request for religious accommodation. Dkt 29-2 at 1–6. The TDCJ in response moved to quash, asserting that the depositions were burdensome because both Director Lumpkin and

Warden Crowley are high agency officials. See Dkt 28 at 5. That motion was granted, with order that the TDCJ instead make available a Rule 30(b)(6) designee. Dkt 33. Notwithstanding its prior motion, the TDCJ then chose to present Director Lumpkin as its designee on May 27th. See Dkt 59 at 9.

The parties jointly moved to amend the scheduling order on May 20th. Dkt 35. That motion was granted. Dispositive motions would become ripe on June 27th, and trial was pushed back to July 5th and 6th—concluding just seven days before the scheduled execution date. Dkt 36.

As the parties prepared for trial, the TDCJ informed Gonzales on June 14th that, notwithstanding prior agreement when rescheduling the trial date, Director Lumpkin wouldn't be available to testify at trial due to a previously scheduled vacation. The TDCJ informed Gonzales that it instead intended to call Warden Crowley as its primary witness. Dkt 46 at 1. This change necessitated Court intervention to require prompt deposition of Warden Crowley. That order issued on June 21st, with a remote deposition then occurring on June 24th. See Dkts 53 & 59 at 12.

A pretrial conference and motion hearing was held on June 30th. See Dkt 86. Then pending was a motion by the TDCJ to allow Director Lumpkin to testify at trial via remote means from his vacation location. Dkt 61. That motion was denied with instruction to the TDCJ to advise Gonzales by 9:00 AM on July 4th as to whether Director Lumpkin would testify in person at trial. Dkt 86. And on July 1st, the last business day before trial, the parties and the undersigned visited the Huntsville Unit execution chamber. See Dkt 57. This was the first and only time that the chamber had been made available to Gonzales' counsel for inspection.

Still pending are cross-motions by Gonzales and the TDCJ for partial or full summary judgment. Dkts 40 & 42. Also pending is a recent motion by Gonzales for preliminary injunction requiring the TDCJ to grant his requested religious accommodations if execution proceeds

as scheduled. Dkt 59. With trial set to begin tomorrow, consideration must be given to whether a continuance is in order.

### 2. Legal standard

A federal court has inherent power to manage its own docket. *Marinechance Shipping Ltd v Sebastian*, 143 F3d 216, 218 (5th Cir 1998). A trial continuance is fully within a trial court's discretion and will not be disturbed absent abuse of that discretion. See Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2352 (Westlaw 2022); see also *Morris v Slappy*, 461 US 1, 11 (1983). Pertinent here, the Fifth Circuit holds that a trial continuance is appropriate when counsel have too little time to prepare, especially in a matter involving complicated issues. For example, see *Smith-Weik Machinery Corp v Murdock Machine & Engineering Co*, 423 F2d 842, 845 (5th Cir 1970).

### 3. Analysis

A not-insubstantial factor against a trial continuance is the impending execution date. Even so, the accelerated time schedule highlights two main factors that favor a continuance at this time. First is prejudice to Gonzales' ability to fairly litigate his claim, with potential prejudice also apparent to the TDCJ's position. Second is the simple fact that little time remains for fulsome consideration of the complicated legal issues present here.

*As to prejudice to the parties,* neither party is understood to have litigated this action in bad faith or intentionally sought delay. But still, delay has dogged this case, which now prejudices the attorneys' preparations for trial and the execution.

Changes in the trial witnesses have only amplified concerns about the already fast-tracked timeline of this litigation. The TDCJ's back-and-forth position as to its intended witnesses has forced Gonzales to depose one of the TDCJ's two listed trial witnesses—Warden Crowley—just days ago. Counsel for Gonzales assert that this deposition resulted in testimony that materially varied in

certain respects from that provided by Director Lumpkin in what was nominally designated a Rule 30(b)(6) deposition. In particular, testimony purportedly diverged as to whose view may be blocked by repositioning execution participants. Dkt 59 at 12–13. Other factual issues have also come to the forefront on the eve of trial. For example, counsel for Gonzales visited and inspected the execution chamber for the first time on July 1st, the last business day before trial.

Proceeding to trial in these circumstances would prejudice Gonzales' ability to fairly litigate his religious rights. To be sure, the trial date isn't even convenient for the TDCJ. Director Lumpkin is on vacation on the dates of trial, and his testimony won't be allowed by remote means. Dkt 86. The TDCJ is thus itself likely to be without one of its two listed witnesses if trial proceeds as scheduled.

*As to consideration of the merits,* final resolution of this matter isn't an easy one. It requires "a careful consideration of the legitimate interests of both prisoners and prisons." *Murphy v Collier*, 139 S Ct 1475, 1485 (2019) (Alito, J, dissenting). The claims brought by Gonzales "are dependent on the resolution of fact-intensive questions that simply cannot be decided without adequate proceedings and findings at the trial level." Id at 1481.

The Supreme Court doubtless takes the question of religious rights during execution seriously, often staying executions to consider each step that a State's corrections system makes towards that ultimate day. For example, see *Ramirez v Collier*, 142 S Ct 50 (2021); *Gutierrez v Saenz*, 141 S Ct 127 (2020); *Murphy*, 139 S Ct at 1475; see also *Dunn v Smith*, 141 S Ct 725 (2021) (refusing to vacate preliminary injunction requiring spiritual advisor to Alabama inmate to be present in execution chamber).

The brief period between trial and Gonzales' execution date leaves little time to issue a reasoned judgment in a difficult area of the law. Such a compressed schedule also leaves almost no time for post-judgment motions or appellate review. This is unacceptable considering that resolution of the merits here will likely carry important

precedential value in this and other scheduled executions in Texas.

4. Conclusion

The trial date is CONTINUED *sine die*.

A new trial date will be promptly set in consultation with the parties as appropriate.

So that they may plan accordingly, the parties are ADVISED that the Court intends to enter by tomorrow, July 5th, a separate order granting the motion for preliminary injunction substantially in the form requested by Gonzales. See Dkt 59.

SO ORDERED.

Signed on July 4, 2022, at Houston, Texas.

*[signature]*
Hon. Charles Eskridge
United States District Judge