IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMIRO FELIX GONZALES, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-00828 |
| | § | |
| BRYAN COLLIER, Executive Director | § | |
| of the Texas Department of Criminal | § | |
| Justice, BOBBY LUMPKIN, Director | § | |
| of the Texas Department of Criminal | § | |
| Justice–Correctional Institutions | § | |
| Division, and DENNIS CROWLEY, | § | |
| Warden of the Huntsville Unit, | § | |
| *Defendants.* | § | |

---

## Defendants' Unopposed Motion to Dismiss Based on Mootness

Defendants Bryan Collier, Bobby Lumpkin, and Dennis Crowley ("Defendants") respectfully move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) based on mootness. Defendants have formally approved Gonzales's religious requests that form the basis of this suit. Accordingly, the complained-of conduct has ceased, and the injunctive relief sought has been mooted. There is nothing more to adjudicate and the case is moot.

## I.     Statement of the Case and Procedural Posture

Plaintiff Ramiro Gonzales is an inmate housed on death row. He is sentenced to death for capital murder. On July 12, 2022, Gonzales received a stay of execution from the Texas Court of Criminal Appeals on grounds unrelated to this civil litigation and currently has no scheduled execution date. Gonzales, however, continues to have a valid

death sentence unless and until the sentence is overturned.  His stay of execution is not the basis for mootness in this case.

Gonzales filed suit alleging Defendants intended to execute him under conditions that violate the First Amendment and will substantially burden the exercise of his religion in violation of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.*; ECF No. 1 at ¶ 2. The Court previously dismissed Gonzales's claims pertaining to his spiritual advisor's presence in the execution chamber and directed that "claims as to whether his spiritual advisor may touch him and pray with him at that time will proceed." ECF No. 20. at 2.

In light of the Supreme Court's guidance in *Ramirez v. Collier*, 142 S. Ct. 1264 (2022), TDCJ officials approved Gonzales's request for his spiritual advisor to pray aloud during the execution process except for when the Warden or the Director of the TDCJ Correctional Institutions Division are speaking and when Gonzales gives his last statement. Approval was also given for Gonzales's spiritual advisor to stand at the end of the gurney above Gonzales's head and lay a hand on Gonzales's chest over his heart. CITE. Gonzales's request for his spiritual advisor to also hold his hand was not previously approved. Accordingly, the litigation proceeded and was scheduled for a bench trial on July 5, 2022. However, the trial was continued and the Court issued a preliminary injunction on July 5, 2022. The injunction enjoins TDCJ from executing Gonzales in a manner inconsistent with his asserted religious exercise; namely, that his

spiritual advisor must be permitted to lay a hand over Gonzales' heart and hold his hand during the execution.

## II.   Gonzales's Approved Religious Accommodations

In the interest of resolving this litigation without further delay, Defendants have approved all of Gonzales's religious requests. Rather than proceeding to trial as to whether a permanent injunction should issue, the parties conferred to agreeably resolve the remaining issues in the case. Based on the assurances in Director Lumpkin's sworn statement, attached as Exhibit A, Gonzales does not oppose dismissal of this suit without prejudice.

Specifically,

> (a)   After Gonzales is secured to the gurney in the execution chamber and the IV lines are in place, his spiritual advisor will be escorted into the execution chamber. She will be permitted to lay one hand on Gonzales's chest over his heart. With her other hand, she will be permitted to hold Gonzales's hand.
> (b)   Gonzales's spiritual advisor will be permitted to pray aloud at a moderate volume loud enough for Gonzales to hear throughout the execution process, except that the spiritual advisor shall be silent any time the Warden, CID Director, or Doctor speak during the process and when Gonzales gives his last statement.
> (c)   Gonzales's chosen spiritual advisor, Bri-Anne Swan, will continue to be subject to the approval and vetting procedures set forth in the TDCJ Execution Policy. Defendants do not anticipate any problem, since Ms. Swan was previously approved to be present in the execution chamber.

*See* Exhibit A (Affidavit of Bobby Lumpkin).

Director Lumpkin's decision to approve Gonzales's religious requests is binding and will not be withdrawn. Director Lumpkin testifies that regardless of the

IV line placement, Gonzales's religious accommodations will still be permitted. TDCJ officials will adjust to the IV line placement such that these religious accommodations can be fulfilled.

### III.    Rule 12(b)(1) Standard and Mootness

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. Proc. 12(b)(1). "A case is properly dismissed under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). A finding that the court lacks subject matter jurisdiction may be based upon: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996).

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "[W]hen the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome," a case is considered moot. *Id.* at 396 (internal quotation marks omitted). "Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). In turn, "the

definitive mootness of a case or controversy . . . ousts the jurisdiction of the federal courts and requires dismissal of the case." *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 335 (1980); *see also Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2008) ("If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents.").

"Courts are justified in treating a voluntary governmental cessation of possibly wrongful conduct with some solicitude, mooting cases that might have been allowed to proceed had the defendant not been a public entity." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 325 (5th Cir. 2009). TDCJ is entitled to a presumption that their approval of Gonzales's religious requests is good faith rather than a sham or litigation posturing. *Id.*

Based on Director Lumpkins assurances as reflected in his sworn statement, Gonzales agrees there remains no unresolved claim in this lawsuit and does not raise any argument against mootness.  Only injunctive relief is sought in this case. The Prison Litigation Reform Act of 1995 (PLRA) states that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs"; that such relief must be "narrowly drawn, [and] exten[d] no further than necessary to correct the violation of the Federal right"; and that it must be "the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

The statute limits a court's authority to issue an injunction in an effort to effect

or protect the rights of persons other than the particular plaintiff in the case before it. Absent a finding, based on evidence in the record, that the violation of Barbee's rights is likely to reoccur, an injunction enjoining conduct that is unequivocally not ongoing would not be narrowly drawn and would extend further than necessary to correct a violation.  Any injunctive relief must be narrowly drawn and extend no further than necessary to correct the violation. 18 U.S.C. § 3626(a)(1)(A); *Ball v. LeBlanc*, 792 F.3d 584, 598 (5th Cir. 2015). Where, as here, there is no ongoing violation, there is nothing to enjoin.

TDCJ's approval of Gonzales's requests for relief deprives the Court of the necessary jurisdiction based on mootness. Accordingly, the Court should grant Defendants' unopposed motion to dismiss based on mootness and dismiss the case without prejudice.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

/s/ Leah O'Leary
**LEAH O'LEARY**
Assistant Attorney General
Attorney-in-Charge
State Bar No. 24079074
Southern District No. 1563191
Leah.Oleary@oag.texas.gov

Law Enforcement Defense Division
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9918

**ATTORNEYS FOR DEFENDANTS
COLLIER, LUMPKIN, AND CROWLEY**

## CERTIFICATE OF CONFERENCE

I, Leah O'Leary, hereby ceritfy that over the course of the past month, I have conferred with counsel for Plaintiff Gonzales regarding the remaining issues in this case. Relying on the assurances by Director Bobby Lumpkin, Plaintiff Gonzales is unopposed to dismissal of this action without prejudice.

Throughout this litigation, Plaintiff's counsel have been reasonable, cooperative, and professional while also advocating zealously and skillfully for their client. This is not always my experience with other opposing counsel, and their professionalism is worth noting here.

/s/ Leah O'Leary
**LEAH O'LEARY**
Assistant Attorney General

## CERTIFICATE OF SERVICE AND ELECTRONIC FILING

I, **LEAH O'LEARY**, hereby certify that on September 23, 2022, I electronically filed the foregoing document with the Clerk of the Court for the United States Court for the Southern District of Texas using the electronic case-filing (ECF) system of the Court, which electronically serves all counsel of record and registered users in this case.

/s/ Leah O'Leary
**LEAH O'LEARY**
Assistant Attorney General